GOULD, Circuit Judge,
dissenting:
I regret that I cannot agree with my colleagues on the proper disposition of this appeal. Rather, to me it seems that we should view Wells Fargo as a citizen of California for diversity purposes, and affirm the district court.
Like the district court, I would rely on the “mode of analysis” contained in Ninth Circuit precedent, which supports jurisdictional parity between national banks and state-chartered corporations, including state-chartered banks. See Am. Sur. Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir.1943).
The Supreme Court’s decision in Wacho-via Bank does not address whether a national bank could be a citizen of the state of its principal place of business. See Wachovia Bank v. Schmidt, 546 U.S. 303, 315 n. 8, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006). The controlling issue was never raised in that case because the defendant bank’s principal place of business was located in the same state as its main office. See id. at 317 n. 9, 126 S.Ct. 941. It is one thing to say that a national bank is not a citizen of every state where it has any branch operations. See id. at 313, 126 S.Ct. 941.[1] It is *716 quite another to say what the majority says here: that a bank is only a citizen of the state designated as its main office. See Maj. Op. at 715. In Wachovia Bank, the Supreme Court expressed concern that national banks would become “singularly disfavored corporate bodies with regard to their access to federal courts.” Id. at 319, 126 S.Ct. 941. The majority’s rule goes too far in the opposite direction and places national banks on superior footing in their access to federal courts as compared to other corporations. See 28 U.S.C. § 1332(c)(1).
Although the majority agrees with the statutory analysis from the Eighth Circuit’s decision in Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 707-09 (8th Cir.2011), I am not convinced that jurisdictional parity is as “ethereal” as the majority suggests. See Maj. Op. at 714-15. Instead, I am persuaded by Judge Murphy’s WMR e-PIN dissent that “Wa-chovia should be construed in favor of continuing to read § 1348 in light of the preexisting policy of jurisdictional parity between national banks on the one hand and state banks and corporations on the other.” WMR e-PIN, 653 F.3d at 717 (Murphy, J., dissenting); see Horton v. Bank One, N.A., 387 F.3d 426, 429-36 (5th Cir.2004), cert. denied, 546 U.S. 1149, 126 S.Ct. 1164, 163 L.Ed.2d 1127 (2006); Firstar Bank, N.A. v. Faul, 253 F.3d 982, 985-94 (7th Cir.2001). And while many district courts have followed the Eighth Circuit’s narrow approach to interpreting “located” under § 1348, many others have concluded that Wells Fargo is a citizen of California for diversity purposes by following the logic of the Fifth and Seventh Circuits. See, e.g., Ellis v. Wells Fargo Bank, N.A., 2014 WL 585627, .at *2-3 (S.D.Cal.. Feb. 14, 2014) (concluding that the Fifth Circuit’s reasoning in Horton was consistent with the Supreme Court’s reasoning in Wacho-via Bank and that Wells Fargo is “located” under § 1348 in California where it maintains its principal place of business); Sako v. Wells Fargo Bank, N.A., 2014 WL 584268, at *3-4 (S.D.Cal. Feb. 11, 2014) (same).
Finally, there is an important policy implication that should be considered because the word “located” in 18 U.S.C. § 1348 is ambiguous-. To say that a bank like Wells Fargo, traditionally identified with California and with its principal place of business there for more than a century, is not a citizen of California for diversity purposes, would mean that any bank broadly identified with a state in which it started its business and maintained its principal place of business could ensure federal court diversity actions, and rule out the state courts, even when pitted against adverse citizens of the state where it is most closely identified and understood to operate. I do not think that idea, at odds with principles of federalism that give state courts a say in resolving their residents’ disputes, is what Congress had in mind. I respectfully dissent. .

. The Supreme Court reasoned: "Were we to hold ... that a national bank is additionally a citizen of every State in. which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities. Congress, we are satisfied, created no such anomaly." Wachovia Bank, 546 U.S. at 307, 126 S.Ct. 941. That reasoning has little force in this case where we decide if a national bank is a citizen of the *716 state where it has its principal place of business.